IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00123-RLV
(5:07-CR-00050-RLV-DSC-14)

| | |
|---|---|
| SAMUEL JUVON BOWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion, as amended, will be dismissed.

I.      BACKGROUND

Petitioner and fifteen (15) co-defendants were named in a superseding bill of indictment which charged a conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846 (Count One). Petitioner was also charged with three separate counts of possession with intent to distribute 5 grams or more of cocaine base and aiding and abetting, in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Counts Twenty-Eight, Twenty-Nine, and Thirty). (5:07-CR-00050, Doc. No. 78: Sealed Superseding Indictment).[1] Petitioner elected to proceed to trial and he was found guilty by a jury of all charges following a seven-day trial. (Id.,

---

[1] After the return of the Indictment, the Government served Petitioner with notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on a prior North Carolina drug conviction which he sustained in Iredell County Superior Court on March 28, 2003. (Id., Doc. No. 141: 851 Notice; Doc. No. 373: Presentence Report ¶ 53).

1

Doc. No. 297: Jury Verdict).

Following entry of the verdict, a probation officer prepared a presentence report ("PSR") in which the four counts of conviction were grouped pursuant to § 3D1.2(d) of the U.S. Sentencing Guidelines Manual (USSG). The PSR calculated a base offense level of 36 due to the quantity of drugs for which Petitioner was held responsible, and found a criminal history category of VI, resulting in a Guidelines range of 324 to 405-months' imprisonment. Petitioner was sentenced to 324-months in prison on each count, to be served concurrently, and Petitioner's judgment was affirmed in all respects on appeal. See United States v. Bowens, 425 F. App'x 205 (4th Cir.), 132 S.Ct. 323 (2011). This collateral proceeding follows.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. United States v. Simmons

Petitioner contends first through counsel that he is entitled to sentencing relief based on the Fourth Circuit's *en banc* opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[2] Petitioner renews this claim in his *pro se* amended § 2255 motion and contends that his prior

---

[2] Counsel's contention that Petitioner is entitled to relief from a career offender designation is without merit as Petitioner was not found to qualify as a career offender. (5:12-CV-00123, Doc. No. 1 at 1).

North Carolina drug conviction, for which he was sentenced to a suspended term of 8 to 10 months' imprisonment, does not qualify him for a mandatory-minimum sentence of 20-years under 21 U.S.C. § 841(b)(1)(A), because the conviction is no longer considered a "felony drug offense" under federal law because he could not have been sentenced to more than one year in prison.[3]

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner's contention that he is entitled to sentencing relief based on the *en banc* Simmons opinion is without merit because his prior state drug conviction had no impact on his ultimate sentence based on the fact that he was sentenced pursuant to his Guidelines range of 324 to 405 months, and only after the Court refused to depart below this range. Thus, in light of the denial of his motion for a departure below the low-end of the Guidelines range, the specter of the mandatory statutory minimum sentence was harmless.

---

[3] A felony drug offense is defined as any state, federal or foreign conviction for which a defendant faced a sentence in excess of one year. See 21 U.S.C. § 802(44) (2006).

B.  Ineffective Assistance of Counsel

The Sixth Amendment of the U.S. Constitution provides that a defendant is entitled to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31(4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Speedy Trial

Petitioner asserts that his counsel was ineffective in failing to move to dismiss the superseding indictment based on his contention that this Court's orders which granted trial continuances did not make sufficient "ends of justice" findings. (5:12-CV-00123, Doc. No. 6 at 4).

The Speedy Trial Act ("STA") requires that a defendant be brought to trial within 70 days of the filing of the indictment or his initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, the STA sets forth a lengthy list of exclusions from the 70-day requirement, including delay resulting from the filing of any pre-trial motion (§ 3161(h)(1)(D)), reasonable delay when the defendant is joined for trial with a codefendant for whom the 70 days has not run (§ 3161(h)(6)), or any period of delay resulting from a continuance granted by a judge on its own motion, or upon motion of the defendant or the Government when the court sets forth orally or in writing its reasons for finding that the ends of justice served by granting the motion for continuance outweigh the interests of the public and the defendant in a speedy trial (§ 3161(h)(7)(A)). See Zedner v. United States, 547 U.S. 489, 507 (2006) (holding that a violation of the STA is not subject to harmless error review and stating that "[w]ithout on-the-record findings there can be no exclusion under § 3161(h)"). The STA provides that one of the factors a court should consider is whether the case is so complex that 70 days would leave an unreasonably short period of time to prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(ii).

If the STA is violated, the indictment "shall be dismissed on motion of the defendant." Id. § 3162(a)(2). By its plain language, the STA requires dismissal under these circumstances although the court has wide discretion to dismiss the case with or without prejudice. In making

this decision on dismissal, the STA directs the court to consider, among other factors, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. Though not dispositive, "the presence or absence of prejudice to the defendant" is "relevant for a district court's consideration" along with the third factor. United States v. Taylor, 487 U.S. 326, 334, 341 (1988); see also United States v. Rushin, 642 F.3d 1299, 1304 (10th Cir. 2011) ("Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice under § 3162(a)(2) unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'") (quoting United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir. 1993)). A dismissal without prejudice allows the Government to seek a new indictment within six calendar months of the date of dismissal in the event the statute of limitations has run. 18 U.S.C. § 3288. A defendant waives his right to dismissal of the indictment if he fails to move for dismissal prior to trial or entry of a guilty plea. Id. § 3162(a)(2).

      A defendant's right under the STA is distinct from his Sixth Amendment right to a speedy trial. See United States v. Woolfolk, 399 F.3d 590, 594-98 (4th Cir. 2005). The Supreme Court's holding in Barker v. Wingo, 407 U.S. 514 (1972), controls the analysis of a Sixth Amendment claim. Under Barker, a court must consider four factors in determining whether a defendant's constitutional right has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. Id. at 530. Regarding the length of the delay, delays exceeding one year are generally "presumptively prejudicial," but delays of less than one year are generally not.

6

See United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006) (internal citations omitted); see also United States v. MacDonald, 635 F.2d 1115, 1117 (4th Cir. 1980) (finding that a roughly seven-month delay was "entirely too short to 'trigger' further inquiry" under Barker).

In Petitioner's case, the Grand Jury returned the superseding indictment on February 26, 2008, and absent any excusable time, he should have been tried by May 6, 2008, but Petitioner's trial did not commence until May 5, 2009. In the indictment, the Grand Jury charged sixteen (16) defendants, including Petitioner, with a wide-ranging conspiracy to possess with intent to distribute both crack cocaine and powder cocaine. The indictment also charged Petitioner with three other substantive counts for the distribution of crack cocaine and aiding and abetting the same. (5:08-CR-00050, Doc. No. 78: Sealed Superseding Indictment).

On April 14, 2008, after 48-days under the STA had run, the Court *sua sponte* continued Petitioner's trial to the June 2008 criminal term after finding that the ends of justice would be served because Petitioner's case was joined for trial with a co-defendant and no motion for severance had been granted and that failure to continue the trial would result in a miscarriage of justice. (Id., Doc. No. 150: Order (citing § 3161(h)(7), (H)(8)(B)(i)). On June 3, 2008, and August 15, 2008, the Court ordered continuances for the same reasons as in the April 14th Order and in each order the Court expressly found that the ends of justice would be served by ordering the continuances; with the August continuance, Petitioner's trial was scheduled for November 3, 2008. (Id., Doc. Nos. 163, 173). On October 14, 2008, the Court granted a motion filed by Petitioner's counsel to continue the trial from the November 3rd term to the January term pursuant to § 3161(h)(8)(B)(iv) based on a finding that counsel had not had sufficient time to prepare for trial because of the voluminous discovery. (Id., Doc. No. 198). It was noted in the

7

motion to continue that Petitioner did not object to the continuance. (Id., Doc. No. 197). The Court then entered two *sua sponte* orders continuing the trial, ultimately to the May 2009 trial setting, after again finding that the ends of justice would be served because Petitioner's case was joined for trial with a co-defendant and no motion for severance had been granted and that failure to continue the matter would result in a miscarriage of justice. (Id., Doc. Nos. 225, 226).

Based on the foregoing, it is plain that Petitioner's contention that the continuance orders failed to make the appropriate findings of fact that that ends of justice would be served in continuing his trial is without merit. Moreover, even if there were insufficient findings, Petitioner cannot demonstrate he suffered prejudice when counsel did not move to dismiss the indictment because given the serious nature of the drug conspiracy charge and the three distribution charges, any dismissal of the indictment on Speedy Trial grounds would have been without prejudice.

2. Section 3553(a) Factors

Petitioner next argues that his counsel was ineffective in not challenging this Court's consideration of the § 3553(a) sentencing factors prior to imposing sentence and that the Court failed to adequately explain his sentence. Petitioner also asserts that his counsel was deficient in declining to raise this issue on appeal. (5:12-CV-00123, Doc. No. 6 at 5).[4] These arguments are merely conclusory and are therefore without merit.

---

[4] The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim of direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). In addition, appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

As has been explained herein, Petitioner bears the burden of demonstrating the two-fold requirements under Strickland in order to obtain any relief on an ineffective assistance of counsel claim. Petitioner's blank assertion of ineffective assistance has clearly failed to meet this burden as he identifies no prejudice that could entitle him to relief.

### 3. Plea Agreement

In his final claim, Petitioner contends that his counsel was ineffective in failing "to negotiate a plea agreement or, at minimum, advise the Movant to enter an 'open plea'" so that he could benefit from acceptance of responsibility. Petitioner also argues that his counsel failed to advise him regarding the potential consequences of going to trial.[5] (5:12-CV-00123, Doc. No. 6 at 7).

The Supreme Court has expressly recognized that a defendant has the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."). The "two-part Strickland v. Washington test also applies to guilty pleas based on ineffective assistance of counsel." Lafler, supra (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)). In order to demonstrate a right to relief under Strickland in the context of plea negotiations, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Lafler, supra at 1384 (quoting Strickland, 466 U.S. at 694)).

---

[5] Petitioner's latter argument fails to recognize, or recall for that matter, that he was clearly advised during both his initial appearance and his arraignment that if found guilty, he faced a statutory minimum term of 20-years in prison if he had a prior felony drug offense. This surely should have alerted Petitioner that there were indeed consequences in contesting the charges at trial. In addition, as noted below, with the exception of Eric Morrison, each of Petitioner's co-defendants chose to plead guilty in an effort to accept responsibility and avoid trial, and their willingness to accept responsibility and avoid trial could not have gone unnoticed by Petitioner.

9

Petitioner's argument here fails for four reasons. First, as Petitioner concedes, a defendant is not entitled to a plea offer from the Government and the record makes clear that Petitioner insisted on contesting the conspiracy charged in Count One. This would tend to show that he was not interested in pleading guilty at all, without a Government concession on Count One, whether pursuant to a written plea agreement or "straight up" as he suggests. (Id. at 7 ("[T]here was nothing to be gained by going to trial, if the Movant was willing to plead guilty to the substantive counts (even though not the conspiracy)") (emphasis added).

Secondly, as the Government observes, there is no Supreme Court precedent which holds that counsel was ineffective for failing to negotiate a plea agreement that the defendant would find favorable. And more to the point, there is no evidence in the record that the Government ever offered any plea deal whether such plea was, for example, to the conspiracy charge alone or to the three distribution charges or to all charges with a recommendation on drug quantities. (5:12-CV-00123, Doc. No. 15 at 15-16).

Thirdly, Petitioner was named along with 15 other defendants in the drug conspiracy and save for co-defendant Eric Morrison, who was tried with Petitioner, each of the defendants pled guilty whether pursuant to a plea agreement or straight-up in an effort to resolve their criminal case. Very simply, the fact that fourteen (14) of his co-defendants chose to accept responsibility could not have escaped Petitioner's attention and when considering that Petitioner does not fairly allege in this collateral proceeding that he ever directed his attorney to pursue a plea deal, or even inquired of his attorney about the possibility of a plea deal, his claim of ineffective assistance of counsel rings hollow.

Finally, each of Petitioner's co-defendants, with the exception of Loxomotive Leach, pled guilty only after agreeing that they were responsible for participating in the drug conspiracy charged in Count One. (5:07-cr-00050, Doc. No. 373: PSR at 3) (noting Leach pled guilty to Counts Six and Ten). It follows then that with Petitioner's steadfast position that he was not guilty of Count One, Petitioner has failed to show that but for counsel's allegedly deficient performance, the outcome of the proceeding would have been different because there is no indication whatsoever that the Government would have offered him any plea agreement that did not involve a plea of guilty to his involvement in the drug conspiracy. See Sexton, 163 F.3d at 882.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion, as amended, is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to amend or correct his § 2255 motion is **GRANTED**. (Doc. No. 4).

**IT IS FURTHER ORDERED** that Petitioner's § 2255 motion to vacate, as amended, is **DENIED** and **DISMISSED with prejudice**. (Doc. Nos. 1, 6, 7).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

11

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 15, 2015

Richard L. Voorhees
United States District Judge