# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:07-CR-00050-KDB-DSC-14

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| SAMUEL JUVON BOWENS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Samuel Juvon Bowens's motions to reduce his sentence pursuant to the First Step Act of 2018. (Doc. Nos. 647, 648, 669). Bowens requests the Court reduce his sentence from 262 months to 222 months and his supervised release term from 10 years to 5 years in its discretion under Section 404 of the First Step Act. Having carefully considered the motions, the parties' briefs and exhibits, and all other relevant portions of the record, the Court will grant in part Bowens's request to reduce his custodial sentence and will reduce his sentence to 240 months and his supervised release term to 5 years based on evidence of post-sentencing rehabilitation.

## I. BACKGROUND

Between 2004 and 2008, Bowens participated in a drug-trafficking conspiracy that operated in Iredell and Mecklenburg counties. (Doc. No. 373, ¶¶ 8-19). Bowens was one of 16 defendants named in a 30-count Superseding Bill of Indictment charging the defendants with conspiracy to possess with intent to distribute cocaine and cocaine base. The conspiracy took place from January 1998 until the defendants were indicted in 2008. It involved 5 kilograms or more of cocaine and 50 grams or more of cocaine base. *Id.* ¶ 1. Bowens was also indicted on three counts of possession

1

with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. *Id.* ¶ 2. Between September of 2007 and January 2008, Bowens participated in three controlled drug buys, selling between 23 grams and 24 grams of crack cocaine on each occasion. *Id.* ¶¶ 9-11. In total, Bowens was responsible for at least 3.5 kilograms of powder cocaine and 3 kilograms of crack cocaine. *Id.* ¶ 19. The Government filed an information under 21 U.S.C. § 851, notifying Bowens and the Court that it intended to seek an enhanced penalty based on Bowens's prior conviction for a felony drug offense. *Id.* ¶ 4.

Bowens proceeded to trial, and a jury found him guilty of all four drug trafficking offenses. (Doc. No. 297). The jury found at least 50 grams of crack cocaine and 5 kilograms of powder cocaine attributable to Bowens for the conspiracy offense. *Id.* As for the substantive offenses, the jury found that 5 grams or more of crack cocaine were attributable to Bowens on each of the three counts. *Id.*

In preparation for sentencing, the United States Probation Office submitted a presentence report (PSR) in which it calculated a base and total offense level of 36 and a criminal history category of VI. (Doc. No. 373, ¶¶ 26, 43, 94). Based on these calculations, the advisory guidelines range advised a sentence between 324 and 405 months in prison. *Id.* ¶ 94. Bowens also faced a statutory mandatory-minimum term of 240 months in prison for his conspiracy offense. *Id.*

The Court sentenced Bowens to 324 months in prison, a sentence at the bottom of the advisory range, and 10 years of supervised release for the conspiracy offense and 8 years of supervised release on the substantive drug-trafficking offenses, to run concurrently. (Doc. No. 390). In January 2016, the Court reduced Bowens's sentence to 262 months in prison after taking into

account retroactive Amendment 782. (Doc. No. 671).[1] Bowens now asks this Court to reduce his sentence by 40 months under the First Step Act.

## II. LEGAL STANDARD

Finality is an important attribute of criminal judgments and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Accordingly, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c). Sentence modifications under Section 3582(c) constitute narrow exceptions to the general rule of finality of sentences. The First Step Act expressly permits the Court to modify a term of imprisonment, and, as such, motions under Section 404 of the First Step Act fall under the purview of 18 U.S.C. § 3582(c)(1)(B).

As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

---

[1] Under retroactive Amendment 782, Bowens's total offense level dropped to a 34 and his criminal history category remained a level VI. This resulted in a guidelines range of 262 to 327 months.

3

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). "When imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it also must recalculate the Guidelines range," *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted), and "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing," *id.* at 668. Moreover, "the [18 U.S.C.] § 3553(a) sentencing factors apply in the [Section] 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674.

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Bowens is eligible for a reduction under the First Step Act.

4

*See United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019); *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020).

Second, even if a defendant is eligible, the Court exercises its discretion in determining whether, and to what extent, to impose a reduced sentence. In doing so, the Court considers the Section 3553(a) factors, including recalculating the Guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See Chambers*, 956 F.3d at 672; *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019). District courts have broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

In support of his request, Bowens argues that a balancing of the Section 3553(a) factors warrants a reduction in his sentence to 222 months. He lists at least five reasons why the factors counsel in favor of such a reduction. First, Bowens contends that it is unlikely he would receive the same sentence today as he did in 2009. He cites to the United States Sentencing Commission's Quarterly Data Report that shows only 34% of drug trafficking offenders received a sentence within the guidelines range during the 2019 fiscal year. "Of offenders receiving downward departures for reasons other than substantial assistance," Bowens writes, "the mean decrease in months from the guideline range was 40 months, and the mean decrease for downward variances was 36 months. Accordingly, at a minimum, a similarly situated offender today would receive a 40 month decrease." (Doc. No. 669, at 7). Thus, Bowens requests a 40-month reduction in his sentence. Additionally, Bowens argues that he received an erroneous Section 851 enhancement, which reduces his statutory range to only 10 years to life for his offenses and his minimum supervised release term to 5 years.

5

Second, Bowens claims that he has demonstrated remarkable rehabilitation while incarcerated. Throughout his incarceration, Bowens has only received two disciplinary infractions—one for fighting six years ago and one for being absent from his workplace. He completed over 400 hours of coursework in 39 different classes, including classes such as resume writing & interviewing, parenting, critical thinking, and Microsoft Office. Bowens notes that he has taken classes that will prepare him to be a contributing member of society after prison.

Third, Bowens submits he has a robust support network that will support him upon release from imprisonment. His support network includes his children, his mother, other family members, and members in the community. Bowens has kept in touch with his children during incarceration and hopes to strengthen his relationship with his children upon release. Attached to his motion are five letters of support from this network all advocating for a reduced sentence.

Fourth, Bowens insists he faces a stark sentencing disparity with most of his co-defendants. Of the 15 others prosecuted, 13 of them received a shorter sentence. Bowens points out that three of his co-defendants had weapon charges, but still received a lesser sentence than him.

Finally, Bowens argues that providing just punishment, promoting respect for the law, and affording adequate deterrence are all satisfied through a 222-month sentence.

The Government, on the other hand, opposes a sentence reduction and urges the Court to deny Bowens's motion because the range advised by the guidelines remains the same today as the range that applied when Bowens was sentenced in 2009 and the sentencing considerations described in Section 3553(a) do not weigh in favor of a reduction. The Government argues that the nature and circumstances of Bowens's offense, his history and characteristics, the need for deterrence, and the need to protect the public all weigh in favor of a sentence within the range advised by the guidelines. Indeed, Bowens was part of a drug-trafficking conspiracy that distributed large

6

Case 5:07-cr-00050-KDB-DSC   Document 680   Filed 01/15/21   Page 6 of 10

quantities of narcotics in Iredell and Mecklenburg counties and was responsible for distributing a large amount of both powder and crack cocaine. At the time Bowens committed this offense, he had two prior convictions for assault on a government official and a drug-trafficking offense.

Additionally, the Government asserts that the Court should reject Bowens's argument that declining to reduce his sentence would create an unwarranted sentencing disparity. Unlike most of his co-conspirators, Bowens decided to go to trial, "which places him in a materially different posture than most of his co-defendants." (Doc. No. 676, at 6). "And without an assessment of those defendants' drug quantities and criminal histories," the Government continues, "Bowens cannot show that his sentence is unreasonably high in comparison." *Id.* Moreover, a sentence within the guidelines range places Bowens "in the heartland of similarly situated defendants—those convicted in this Court of a comparable drug-trafficking offense at the time he was convicted." *Id.*

As for the erroneous Section 851 enhancement, the Government states that any such error had no effect on Bowens's sentence when he was originally sentenced in 2009 and has no effect on his sentence now. Bowens was sentenced well above the 20-year mandatory minimum that applied when he was sentenced in 2009 and requests a reduced sentence that is well above the lower 10-year mandatory minimum that applies without the enhancement.

Finally, while the Government recognizes that Bowens has performed relatively well during his time in the Bureau of Prisons and has community support, it argues that those considerations do not outweigh the seriousness of his offense conduct or the other Section 3553(a) factors that weigh in favor of a sentence within the advisory guidelines range.

The Court agrees that the Section 3553(a) factors do not warrant a reduction. Even if Bowens were sentenced today, the applicable guidelines range is still 262 to 327 months. (Doc. No. 671, at 2). While the First Step Act reduced the statutory penalties applicable to Bowens's offense

conduct, the guidelines calculation remains the same. Bowens asknowledges this. (Doc. No. 669, at 4) ("Although Mr. Bowens's guideline range does not change under the Fair Sentencing Act . . . ."). Bowens asserts that it is likely he would receive a lesser sentence if he were sentenced today rather than in 2009. However, when faced with a request to vary downward in 2009, the Court specifically chose not to do so and found that a sentence within the guidelines range was appropriate, even though the guidelines range was much higher than it is now. (Doc. No. 451, at 7, 12).

The nature and circumstances of Bowens's offense involve substantial amounts of cocaine (3.5154 kilograms of cocaine and 3.0618 kilograms of cocaine base), and Bowens regularly cooked cocaine powder into cocaine base. (Doc. No. 373 ¶¶ 14, 19). He was involved in the conspiracy over the course of four years, from at least 2004 through early 2008 when he was arrested, and made multiple cocaine exchanges a week. *Id.* ¶¶ 12,14, 15, 19.

Bowens's history and characteristics also weigh against a reduction. Bowens received a total of 13 criminal history points. The presentence report reflects various prior convictions including assaults on a government official, simple assaults, habitual impaired driving, and drug trafficking. *Id.* ¶¶ 37-58. Bowens's received an additional two criminal history points because at the time he committed the underlying offenses in this matter, he was on probation for felony possession of cocaine, driving while impaired, possession of drug paraphernalia, and driving while license revoked. *Id.* ¶ 60. At sentencing, Bowens and his counsel objected to the assessment of 13 criminal history points arguing that it "grossly exaggerate[d] his criminal history" because the assessment involved numerous driving offenses. *Id.* ¶ 28. However, the Court overruled the objection stating: "The driving offenses nevertheless fit within a long pattern of illegal activity and that – of various

kinds and indicates that none of those offenses served to deter future misconduct." (Doc. No. 451, at 4).

Contrary to Bowens's argument, a sentence at the low-end of the applicable guidelines range does not create unwarranted sentencing disparities. One of the goals of the Sentencing Guidelines is to avoid national sentencing disparities amongst similar offenders with similar criminal conduct. Bowens's receipt of a sentence within the guidelines range is evidence that he received a similar sentence as defendants with similar records who have been found guilty of similar conduct. Although a number of Bowens's co-defendants received lower sentences,[2] Bowens cannot show that his sentence is unreasonably high in comparison without comparing things like offense conduct, drug quantities, and criminal history. For instance, unlike most of his co-defendants, Bowens chose to go to trial and did not receive an adjustment for acceptance of responsibility.

However, Bowens's rehabilitation efforts and support network are laudable and weigh in favor of a reduction. Balancing the 3553(a) factors and evidence of Bowens's post-sentencing rehabilitation, the Court finds a sentence of 240 months is appropriate.

The Government consents to a reduction in Bowens's supervised release term to 5 years for the conspiracy offense and 3 years for the substantive drug-trafficking offenses to account for the *Simmons* error that led to the Section 851 enhancement. The Court agrees and will reduce Bowens's term of supervised release accordingly.

### IV. ORDER

---

[2] Bowens lists his co-defendants that received lesser sentences in a footnote on page nine of his motion. Bowens does not list co-defendants that received similarly high sentences. For instance, Eric Wilford Morrison is serving a 262-month sentence and Cheukma Sanders is serving a 210-month sentence.

9

Case 5:07-cr-00050-KDB-DSC    Document 680    Filed 01/15/21    Page 9 of 10

**IT IS THEREFORE ORDERED** that Bowens's motions to reduce his sentence under the First Step Act of 2018, (Doc. Nos. 647, 648, 669), are **GRANTED IN PART** and **DENIED IN PART**. The Court **HEREBY ORDERS** that Bowens's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **240 MONTHS**.

**IT IS FURTHER ORDERED** that Bowens, upon release from imprisonment, shall be placed on a supervised release term of 5 years on Count 1 and 3 years on Counts 28, 29, and 30, to run concurrently.

All other terms and conditions of Bowens's sentence remain in full force and effect.

**SO ORDERED.**

Signed: January 15, 2021

Kenneth D. Bell
United States District Judge